UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TERRELL ROSS,

           Plaintiff,           Case No. 1:24-cv-32

v.                                     Honorable Phillip J. Green

COUNTY OF KENT, et al.,

           Defendants.
_____/

## OPINION

      This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

      This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

2

28 U.S.C. § 636(c).  Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Kent County, Kent County Correctional Facility (KCCF), and the

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

City of Grand Rapids. The Court will also dismiss Plaintiff's official capacity claims against remaining Defendant Pierce. Plaintiff's individual capacity failure-to-protect claim against Defendant Pierce will remain in the case. Additionally, Plaintiff's motion to appoint counsel (ECF No. 4) will be denied.

## Discussion

### I.     Factual Allegations

Plaintiff is presently incarcerated at the KCCF in Grand Rapids, Kent County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Kent County, the KCCF, the City of Grand Rapids, and KCCF Correctional Officer Corey Pierce. (Compl., ECF No. 1, PageID.1, 2.) Plaintiff sues Kent County, the KCCF, and the City of Grand Rapids in their official capacities, and he sues Correctional Officer Pierce in Pierce's individual and official capacity. (*Id.*, PageID.2.)

In Plaintiff's complaint, he alleges that on October 18, 2023, he was moved to a new cell because Plaintiff's cellmate had told non-party officer Dewitt that "he had a strong dislike for [Plaintiff's] brother[,] which at that point it was clear [Plaintiff] had a risk of harm to [his person]." (*Id.*, PageID.3.) Two days later, Plaintiff's former cellmate was moved "to [the] opposite dayroom" by non-party officer Dewitt "because tension was clearly still there." (*Id.*)

Subsequently, on November 4, 2023, Defendant Pierce unlocked the former cellmate's door and "allowed" Plaintiff's former cellmate and another inmate to attack Plaintiff while he was eating. (*Id.*) After the incident, the former cellmate yelled, "f[***] yo brother." (*Id.* (asterisks added and spelling in original).) Plaintiff alleges that "[t]here was no reason for [the] door from [the] opposite dayroom to be open[ed],"

4

and that Defendant Pierce "was well aware of the situation and allowed it to happen." (*Id.*)

After the incident, Plaintiff states that his former cellmate was placed "in restriction" for nine days and that Plaintiff was placed "in restriction" for ten days, during which they were in the "same unit." (*Id.*) Further, Plaintiff claims that "[t]he facility denied [Plaintiff] . . . medical help for [his] teeth," which "were clearly cracked" and visible before Plaintiff was placed in the "restriction pod." (*Id.*) Four days after the incident, on November 8, 2023, after Plaintiff had submitted ten kites, Plaintiff had a dental appointment. (*Id.*) "Dental said [Plaintiff] need[ed] [his] teeth fixed immediately before they start[ed] to rot[] and decay." (*Id.*) Plaintiff also "wrote kites for several days before [he eventually saw] mental health." (*Id.*)

Plaintiff submitted a grievance about the matter, which was denied, and he also submitted a grievance appeal, which was lost. (*Id.*) Plaintiff also wrote several kites "with no answer." (*Id.*)

As relief, Plaintiff seeks monetary damages, as well as injunctive relief. (*Id.*, PageID.4.)

## II.     Motion to Appoint Counsel

Plaintiff filed a motion requesting the appointment of counsel.[2]  (ECF No. 4.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney.  *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993).  The Court may, however, request an attorney to serve as counsel, in the Court's discretion.  *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances.  In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel.  *See Lavado*, 992 F.2d at 606.  The Court has carefully considered these factors and has determined that, at this time, the assistance of counsel is not necessary to the proper presentation of Plaintiff's position.  Plaintiff's motion to appoint counsel (ECF No. 4) therefore will be denied.

---

[2] In Plaintiff's motion to appoint counsel, as support for his request for counsel, he discusses additional dental care that he believes he requires. (ECF No. 4, PageID.13.) Plaintiff is advised that he may not amend his complaint by adding factual allegations in this motion. Further, as set forth herein, this action will proceed against Defendant Pierce only, and the Court construes Plaintiff's complaint to raise a failure-to-protect claim against Defendant Pierce. Plaintiff presents no claims against Defendant Pierce regarding Plaintiff's receipt of dental care.

### III.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.    Defendants KCCF, Kent County, and City of Grand Rapids**

**1.    Defendant KCCF**

Plaintiff sues the KCCF. (Compl., ECF No. 1, PageID.1.) However, the KCCF is a building, not an entity capable of being sued in its own right. *See, e.g.*, *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("The McCracken County Jail is not a legal entity susceptible to suit . . .[; i]t is a department of the county . . . ."). Accordingly, Defendant KCCF will be dismissed.

**2.    Defendants Kent County and City of Grand Rapids**

Plaintiff also sues Kent County and the City of Grand Rapids. (Compl., ECF No. 1, PageID.1, 2.)

Kent County and the City of Grand Rapids may not be held vicariously liable for the actions of their employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county or municipality is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury,

8

and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, Plaintiff's allegations against Kent County and the City of Grand Rapids essentially rest on a theory of vicarious liability and therefore do not state a claim. To the extent that Plaintiff suggests the existence of a custom regarding a failure to protect inmates, his allegations are wholly conclusory. To show that a governmental entity has an unlawful custom, a plaintiff must show the existence of "practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. Plaintiff's allegations do not show a widespread pattern. Further, to the extent that Plaintiff intended to suggest such a pattern, conclusory allegations of

9

unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007). Plaintiff therefore fails to state a claim against Kent County and the City of Grand Rapids.

### B.  Defendant Pierce

#### 1.  Official Capacity Claims

Plaintiff states that he is suing Defendant Pierce in Pierce's individual and official capacity. (Compl., ECF No. 1, PageID.2.) Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell*, 436 U.S. at 690 n. 55). An official capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *see also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *See Alkire*, 330 F.3d at 810; *see also Graham*, 473 U.S. at 165–66.

Here, Plaintiff's suit against Defendant Pierce—a correctional officer at KCCF—in Pierce's official capacity necessarily intends to impose liability on the county. As discussed above, Kent County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick*, 563 U.S. at 60; *Harris*, 489 U.S. at 392; *Monell*, 436 U.S. at 694. Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. For the same reasons set forth above, Plaintiff fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. *See*

*supra* Section III.A.2. Accordingly, because Plaintiff fails to allege the existence of a policy or custom, the Court will dismiss Plaintiff's official capacity claims against Defendant Pierce.

### 2. Individual Capacity Claims

The Court construes Plaintiff's complaint to raise a failure-to-protect claim against Defendant Pierce.[3] (*See* Compl., ECF No. 1, PageID.3.)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its prohibition of cruel and unusual punishments, the Eighth Amendment places restraints on prison officials, directing that they must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Id.* at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011).

---

[3] In Plaintiff's complaint, he also sets forth allegations regarding the dental care and mental health care he received after the altercation with the other inmate. (*See* Compl., ECF No. 1, PageID.3.) Plaintiff does not name any individuals, let alone Defendant Pierce, with respect to his medical-related claims. Under these circumstances, any intended medical-related claims against Defendant Pierce are subject to dismissal for failure to state a claim. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

11

If a plaintiff is a pretrial detainee, "[t]he Due Process Clause of the Fourteenth Amendment provides the same protections." *Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 727 (6th Cir. 2022) (citing *Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016)). To state a claim for failure to protect under the Fourteenth Amendment, a pretrial detainee must allege facts showing that the officer "act[ed] intentionally in a manner that put[] the plaintiff at substantial risk of harm, without taking reasonable steps to abate that risk, and by failing to do so actually cause[d] the plaintiff's injuries." *Id.* at 729.

In this action, Plaintiff alleges that on October 18, 2023, he was moved to a new cell because his cellmate had told a non-party officer that "he had a strong dislike for [Plaintiff's] brother[,] which at that point it was clear [Plaintiff] had a risk of harm to [his person]." (Compl., ECF No. 1, PageID.3.) Two days later, the same non-party officer moved Plaintiff's former cellmate "to [the] opposite dayroom . . . because tension was clearly still there." (*Id.*) Thereafter, on November 4, 2023, Defendant Pierce unlocked the former cellmate's door and "allowed" Plaintiff's former cellmate and another inmate to attack Plaintiff while he was eating. (*Id.*) The former cellmate yelled, "f[***] yo brother" after the incident. (*Id.* (asterisks added and spelling in original).) Plaintiff alleges that "[t]here was no reason for [the] door from [the] opposite dayroom to be open[ed]," and that Defendant Pierce "was well aware of the situation and allowed it to happen." (*Id.*)

12

Plaintiff does not indicate whether he was a pretrial detainee or a convicted prisoner at the time of the incident in question.[4] The Court notes that Plaintiff's allegations regarding Defendant Pierce's knowledge of the risk of harm to Plaintiff from the former cellmate prior to the incident lack specificity. However, regardless of which constitutional provision applies, although Plaintiff has by no means proven his claim, the Court will not dismiss Plaintiff's failure-to-protect claim against Defendant Pierce in Pierce's individual capacity at this stage of the proceedings.

## Conclusion

For the reasons set forth above, Plaintiff's motion to appoint counsel (ECF No. 4) will be denied. Further, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Kent County, KCCF, and the City of Grand Rapids will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss Plaintiff's official capacity claims against remaining Defendant Pierce.

---

[4] The records of the Kent County Circuit Court suggest that Plaintiff was a pretrial detainee at the time he filed this action; he has since pled guilty to two charges in Kent County Circuit Court Case No. 23-06711-FH. *See* Register of Actions, *People v. Ross*, No. 23-06711-FH (Kent Cnty. Cir. Ct.), https://www.accesskent.com/CNSearch/appStart.action (select Criminal Case Search, enter First Name "Terrell," Last Name "Ross," Year of Birth "1990," complete reCAPTCHA, select Search Criminal Cases, select Case Number 23-06711-FH) (last visited Feb. 13, 2024). Based on Plaintiff's plea, charges in another case have been dismissed. *See* Register of Actions, *People v. Ross*, No. 23-06026-FH (Kent Cnty. Cir. Ct.), https://www.accesskent.com/CNSearch/appStart.action (select Criminal Case Search, enter First Name "Terrell," Last Name "Ross," Year of Birth "1990," complete reCAPTCHA, select Search Criminal Cases, select Case Number 23-06026-FH) (last visited Feb. 13, 2024).

Plaintiff's individual capacity failure-to-protect claim against Defendant Pierce remains in the case. The Court will serve the complaint on Defendant Pierce.

An order consistent with this opinion will be entered.


Dated: __February 14, 2024__         /s/ Phillip J. Green
                                                                       PHILLIP J. GREEN
                                                                       United States Magistrate Judge