UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL ROSS,

        Plaintiff,

v.

COUNTY OF KENT, et al.,

        Defendants.

_____/

Hon. Phillip J. Green

Case No. 1:24-cv-00032

## OPINION

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 17, 18). Plaintiff filed a response in opposition.[1] (ECF No. 48). The parties have consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. 28 U.S.C. § 636(c)(1). For all the reasons discussed herein, Defendant's motion will be granted, and this matter is terminated.

## BACKGROUND

Plaintiff is an inmate currently incarcerated at the Earnest C. Brooks Correctional Facility located in Muskegon Heights, Michigan. The events described in Plaintiff's Complaint, however, occurred at the Kent County Correctional Facility (KCCF). Plaintiff sued the KCCF, Kent County, the City of Grand Rapids, and KCCF

---

[1] Plaintiff also filed a "Motion in Response to Court's Order Regarding Motion to Dismiss." (ECF No. 47). The motion is confusing. To the extent Plaintiff is asking for the discovery stay to be lifted, the motion is properly denied. Plaintiff has not shown that discovery is warranted at this time.

Correctional Officer Corey Pierce in his individual and official capacities. (Compl., ECF No. 1, PageID.1-2). The claims against the KCCF, Kent County, and the City of Grand Rapids have since been dismissed, per this Court's Opinion on February 14, 2024. (*See* ECF No. 6, PageID.28). Only Plaintiff's failure-to-protect claim against Defendant Pierce remains.

Plaintiff alleges that, on October 18, 2023, he was moved to a new cell because Plaintiff's cellmate informed a KCCF officer that "he had a strong dislike for [Plaintiff's] brother[,] which at that point it was clear [Plaintiff] had a risk of harm to [his person]." (ECF No. 1, PageID.3). Two days later, Plaintiff's former cellmate was moved "to [the] opposite dayroom" by the officer "because tension was clearly still there." (*Id.*).

Subsequently, on November 4, 2023, Defendant Pierce unlocked the former cellmate's door and "allowed" Plaintiff's former cellmate and another inmate to attack Plaintiff while he was eating. (*Id.*). After the incident, the former cellmate yelled, "f[***] yo brother." (*Id.*) (asterisks added and spelling in original). Plaintiff alleges that "[t]here was no reason for [the] door from [the] opposite dayroom to be open[ed]," and that Defendant "was well aware of the situation and allowed it to happen." (*Id.*).

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000). Pursuant to Federal

Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

In his motion to dismiss, Defendant alleges that Plaintiff cannot satisfy either the objective or the subjective prong of his failure-to-protect claim. Specifically, Defendant claims that Plaintiff fails to plead facts supporting a reasonable inference that "there was a substantial risk to Plaintiff that his former cellmate would attack him." (ECF No. 18, PageID.80). Defendant further alleges that Plaintiff fails to sufficiently allege facts demonstrating that he "was well aware of the situation" relating to the former cellmate's dislike of Plaintiff's brother. (*Id.* at PageID.82). Defendant alleges that without such knowledge, this Court cannot draw a reasonable inference that he acted with "deliberate indifference" to such risk of danger. Defendant also argues that qualified immunity applies, because he did not violate Plaintiff's constitutional rights, and it was not "clearly established" that unlocking the former cellmate's door would violate Plaintiff's constitutional rights. (*Id.* at PageID.83-87).

In response, Plaintiff does not address the substance of Defendant's failure-to-protect or qualified immunity arguments. (*See* ECF Nos. 39, 44, 48). Instead, Plaintiff asserts that, because the Court did not dismiss his claim in its PLRA screening Opinion (ECF No. 6, PageID.29), the Court implicitly acknowledged that Plaintiff's Complaint states a claim upon which relief may be granted. (ECF No. 44-1, PageID.149-50). But the initial screening opinion does not prevent the Court from evaluating a motion to dismiss under Rule 12(b)(6). *See Heard v. Parker*, No. 3:17-

cv-1248, 2018 WL 6435863, at *4 (M.D. Tenn. Dec. 6, 2018) (holding that a prisoner complaint that survives an initial PLRA screening does not preclude later dismissal under Rule 12(b)(6)).

The Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981), but neither does it permit inhumane ones, and it is now settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment[.]" *Helling v. McKinney,* 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. *See Hudson v. McMillian,* 503 U.S. 1 (1992). The Eighth Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates[.]" *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984); *see Helling,* 509 U.S. at 31–32; *Washington v. Harper,* 494 U.S. 210, 225 (1990).

It is well known that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* (quoting *Rhodes*, 452 U.S. at 347).

Not every injury an inmate suffers at the hands of another, however, translates into constitutional liability for prison officials. First, the deprivation must be "sufficiently serious," which, in the context of a failure-to-protect claim, means that the prisoner must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must have a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298-30. The required state of mind is one of "deliberate indifference" to inmate health or safety, meaning that the official is "subjectively aware of the risk" and "fails to take reasonable measures to abate it." *Farmer*, 511 U.S. at 834. In other words, "the official must be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." *Reedy v. West*, 988 F.3d 907, 914 (6th Cir. 2021) (citing *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)).

Here, Plaintiff fails to state a claim upon which relief can be granted.

First, Plaintiff's Complaint fails to allege facts indicating that Plaintiff was objectively incarcerated under conditions posing a substantial risk of serious harm. The Complaint does not allege that Plaintiff was ever personally threatened by his former cellmate, nor does it allege that KCCF was aware of prior instances of violence involving his former cellmate. Indeed, Plaintiff fails to allege that his former cellmate was involved in prior instances of violence. *See Davis v. Chorak*, 624 F. Supp. 3d 870, 880-83 (W.D. Mich. 2022), *aff'd*, No. 22-1839, 2023 WL 2487339 (6th Cir. Mar. 14, 2023) (finding no objective or substantial risk of serious harm, in part because the

plaintiff failed to allege that his assailant "had threatened him or otherwise posed a risk of harm to him or other inmates."). Certainly, KCCF's preventative measure in moving the former cellmate out of Plaintiff's cell demonstrated a level of recognition that violence was possible; but, as in *Davis v. Chorak*, without further facts suggesting that Plaintiff was "personally at 'substantial risk of assault[,]'" Plaintiff fails to demonstrate that he was objectively incarcerated under conditions posing a substantial risk of serious harm. *Id.* at 880 ("[a]n Eighth Amendment claim will not lie if a plaintiff fails to allege that another inmate threatened him and that he communicated those threats to prison officials."); *c.f. Hamilton v. Eleby*, 341 F. App'x. 168, 171 (6th Cir. 2009) (finding the objective component of a failure-to-protect claim was satisfied, where prison official knew that Plaintiff's documents were used to prosecute Aryan Brotherhood member for murder, the plaintiff received a death threat, and the Aryan Brotherhood had previously harmed the plaintiff in a different prison).

Second, even when accepting all plausible allegations as true, the Complaint fails to plead facts raising the reasonable inference that Defendant was subjectively aware of a substantial risk to Plaintiff and yet disregarded that risk with deliberate indifference. The Complaint alleges that Plaintiff's former cellmate informed a KCCF staff member about his personal animus towards Plaintiff's brother; yet, that staff member is not a party to this action. Plaintiff does not allege that Defendant and the non-party staff member shared knowledge regarding this dislike of Plaintiff's brother. Further, there is no allegation that Plaintiff informed Defendant personally about his

former cellmate's hostility toward his brother, nor is there any allegation that officer Pierce was aware of the reason behind the cellmate's move to a different cell. (*See generally,* ECF No. 1). Without such knowledge, Defendant's decision to open the former cellmate's door cannot have occurred with "deliberate indifference" to a substantial risk of serious harm. *C.f. Bates v. Ohio Dep't of Rehab. and Corr.*, No. 1:22-cv-00337, 2023 WL 3437198, at *4 (S.D. Ohio May 12, 2023) (finding the plaintiff alleged sufficient facts to sustain the subjective knowledge component of his failure-to-protect claim, because the plaintiff alleged the officer "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; that [the officer] actually drew the inference; and that [the officer] consciously disregarded the risk.").

Because this Court concludes that Plaintiff fails to adequately plead a failure-to-protect claim, Defendant's qualified immunity argument need not be examined. Accordingly, Defendant's Motion to Dismiss is granted.

## CONCLUSION

For the reasons articulated herein, Defendant's Motion to Dismiss (ECF No. 17) is hereby **GRANTED,** and Plaintiff's "Motion in Response to Court's Order Regarding Motion to Dismiss" (ECF No. 47)) is **DENIED**. Furthermore, an appeal of this matter by Plaintiff would be frivolous and, therefore, not taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This action is terminated. A judgment consistent with this Opinion will enter.

-9-

Date: March 19, 2025                                   /s/ Phillip J. Green
                                                                               PHILLIP J. GREEN
                                                                               United States Magistrate Judge